IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DANIEL VARGAS**
1020 Pine Valley Lane  Apt. 105
Monclova, Ohio  43542
                Plaintiff,

v.

**BOARD OF THE
METROPOLITAN PARK
DISTRICT OF THE TOLEDO
AREA aka METROPOLITAN
PARK DISTRICT OF THE
TOLEDO AREA**
5100 West Central Ave.
Toledo, Ohio  43615

                Defendant.

Case No

Judge

**COMPLAINT; JURY DEMAND
ENDORSED HEREON**

Francis J. Landry  (0006072)
**WASSERMAN, BRYAN, LANDRY
 & HONOLD, LLP**
1090 W. South Boundary
Suite 500
Perrysburg, Ohio 43551
Telephone:  (419) 243-1239
Facsimile:  (419) 243-2719
Email: FLandry308@aol.com
Attorney for Plaintiff
Daniel Vargas

\*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. 42 U.S.C. Sections 2000e et seq. This action is also for a violation of the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Section 12101, et seq.  On April 24, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on the basis of race, retaliation and disability,

charge number 22A-2020-10894C which is attached hereto and incorporated by reference herein, as Exhibit A. Plaintiff states on May 12, 2021, the District Director of the EEOC issued Plaintiff a notice of right to sue advising him of his right to file suit in an appropriate Federal Court within 90 days of his receipt of said notice. This Court's supplemental jurisdiction is also invoked over state law claims of racial and disability discrimination and retaliation.

## PARTIES

2. Plaintiff, Daniel Vargas, is a citizen of the United States of Hispanic national origin, sixty-two years of age, and a resident of the Village of Monclova, County of Lucas, State of Ohio. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act and the ADAAA, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than fifteen (15) employees at all times material hereto.

3. Plaintiff states that the Defendant, is an District set up under Ohio law to operate a Metropark System in Northwest Ohio, duly licensed to do business in the state of Ohio, with a place of business in the County of Lucas, State of Ohio. At all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act as amended and as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act and the ADAAA and Chapter 4112 of the Ohio Revised Code as it at all times material hereto employed more than fifteen (15) employees.

## GENERAL ALLEGATIONS

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of

Title VII of the Civil Rights Act, the Americans with Disabilities Act, and Chapter 4112 of the Ohio Revised Code.

5. Plaintiff is a Hispanic person with a disability.

6. Plaintiff has filed a number of previous dual charges of discrimination against Defendant with the Ohio Civil Rights Commission and the EEOC including but not limited to the following charges: (1) TOLB2 (40045)08092019; 22A-2019-03048C: (2) TOL72(40395)01292020; 22A-2020-01170C: (3)TOLB2(39748)03202019 AMENDED; 22A-2019-01652C: and (4) TOL72(39192)05082018 AMENDED; 22A-2018-02231C.

7. Plaintiff was employed by Defendant in April of 2014 and was most recently employed as a technician.

8. During his tenure of employment, Plaintiff was subjected to severe and pervasive unwelcome harassment because of his race/Hispanic. Plaintiff was subjected to comments to the effect that he should wear a sombrero, as well as slurs and jokes from his supervisor . Defendant was aware of this ongoing pattern of harassment, but took no action. This harassment was based upon Plaintiff's race. Plaintiff reported this harassment to his supervisor's supervisor and to Amy Mossing and Catherine Marinelli from Human Resources. Defendant failed to take any prompt or remedial action.

9. On April 23, 2020, Defendant terminated Plaintiff's employment.  His supervisor and another employee informed him that he was being terminated for failure to complete a performance improvement plan. Defendant further contended the Plaintiff was terminated for making a threat.  Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, Race Discrimination and harassment**

10.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nine (9) of this Complaint, supra, by reference in its entirety as if fully restated herein.

11.     Plaintiff is a hispanic individual.  Plaintiff began his employment with Defendant in April of 2014.  His most recent position was that of technician.  On April 23, 2020 he was terminated.  His supervisor and another employee informed him that he was being terminated for failure to complete a performance improvement plan. Defendant further contended the Plaintiff was terminated for making a threat.   Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual.  Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

13.     Plaintiff states that similarly situated non-hispanic employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

14.     Plaintiff states that similarly situated non-hispanic employees were more favorably treated.  They were permitted not written up for the same issues as Plaintiff and were retained in their positions.  In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

15.     During his tenure of employment, Plaintiff was subjected to severe and pervasive unwelcome harassment because of his race/Hispanic. Plaintiff was subjected to comments to the effect that he should wear a sombrero, as well as slurs and jokes from his supervisor . Defendant was aware of this ongoing pattern of harassment, but took no action. This harassment was based upon Plaintiff's race. Plaintiff reported this harassment to his supervisor's supervisor and to Amy Mossing and Catherine Marinelli from Human Resources. Defendant failed to take any prompt or remedial action.  The harassment affected the terms and conditions of Plaintiff's employment.

The conduct of Defendant constitutes unlawful racial harassment in employment in violation of 42 U.S.C. Sections 2000e et seq.

16. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Race Discrimination and harassment

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixteen (16) of this Complaint, supra, by reference in its entirety as if fully restated herein.

18. Plaintiff is a hispanic individual.  Plaintiff began his employment with Defendant in April of 2014.  His most recent position was that of technician.  On April 23, 2020 he was terminated.  His supervisor and another employee informed him that he was being terminated for failure to complete a performance improvement plan. Defendant further contended the Plaintiff was terminated for making a threat.  Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual.  Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

19. Plaintiff states that similarly situated non-hispanic employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

20. Plaintiff states that similarly situated non-hispanic employees were more favorably treated.  They were permitted not written up for the same issues as Plaintiff and were retained in their positions.  In terminating Plaintiff, Defendant has intentionally discriminated against him

on the basis of his race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

21. During his tenure of employment, Plaintiff was subjected to severe and pervasive unwelcome harassment because of his race/Hispanic. Plaintiff was subjected to comments to the effect that he should wear a sombrero, as well as slurs and jokes from his supervisor . Defendant was aware of this ongoing pattern of harassment, but took no action. This harassment was based upon Plaintiff's race. Plaintiff reported this harassment to his supervisor's supervisor and to Amy Mossing and Catherine Marinelli from Human Resources. Defendant failed to take any prompt or remedial action.  The harassment affected the terms and conditions of Plaintiff's employment. The conduct of Defendant constitutes unlawful racial harassment in employment in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

22. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Retaliation-Title VII

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein

24. On April 23, 2020, Plaintiff was terminated by Defendant.  His supervisor and another employee informed him that he was being terminated for failure to complete a performance

improvement plan. Defendant further contended the Plaintiff was terminated for making a threat. Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations. Plaintiff states that there was a causal nexus between his engaging in protected activities and his termination.

25. In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

26. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Retaliation-4112.02(I)

27. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-six (26) of this Complaint, supra, by reference in its entirety as if fully restated herein

28. On April 23, 2020, Plaintiff was terminated by Defendant. His supervisor and another employee informed him that he was being terminated for failure to complete a performance improvement plan. Defendant further contended the Plaintiff was terminated for making a threat. Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual. Plaintiff states that he was at all times meeting or exceeding his employer's

legitimate expectations. Plaintiff states that there was a causal nexus between his engaging in protected activities and his termination.

29. In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Ohio Revised Code Section 4112.02(I).

30. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.

31. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty (30) of this Complaint, supra, by reference in its entirety as if fully restated herein.

32. On April 23, 2020, Plaintiff was terminated by Defendant. His supervisor and another employee informed him that he was being terminated for failure to complete a performance improvement plan. Defendant further contended the Plaintiff was terminated for making a threat. Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

33. Plaintiff states that at all times material hereto he suffered from a disabling condition of attention deficit disorder, depression and anxiety. This impairment significantly affected a series of major life activities, including but not limited to working, concentrating, interacting with others, sleeping and a broad range of everyday activities. Moreover, Plaintiff was associated with

a person with a disability, his wife, who was suffering from a severe cancer condition which was affecting her ability to eat and which required ongoing care and treatment by Plaintiff. Defendant was aware of Plaintiff's disabling conditions and those of his wife.

34. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was well qualified for his position, and was a highly rated and skilled employee.

35. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

36. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability, both his disability and because of his association with his wife who had a disability, in violation of 42 USC Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

37. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest

and reasonable attorney fees.  Plaintiff also seeks his costs and attorneys fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Daniel Vargas

## JURY DEMAND

Plaintiff demands a trial by a jury of his peers on all issues triable of right by jury.

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Daniel Vargas